2 So.2d 776
### WHEELIS et al. v. PHENIX CITY et al.
#### 4 Div. 212.

Supreme Court of Alabama.
May 29, 1941.

Lawrence Dumas, Jr., of Birmingham, for appellants.

Roy L. Smith, of Phenix City, for appellees.

LIVINGSTON, Justice.

On December 3, 1935, the city of Phenix City, Alabama, a municipal corporation, with a population of more than six thousand inhabitants, adopted an ordinance providing for the issuance and sale of its general obligation refunding public improvement bonds in the total sum of $399,-000. On January 1, 1936, the city issued and sold the bonds, the same being of the denomination of $1,000 each. Later twenty-three of the bonds were paid and cancelled, and one hundred and eight were voluntarily exchanged for other public improvement bonds.

On February 25, 1941, the city of Phenix City, acting through its Board of Commissioners, adopted an ordinance calling all bonds issued on January 1, 1936, and then outstanding, for payment and cancellation—such payment to be made from the proceeds of the sale of refunding bonds authorized by the ordinance of February 25, 1941.

The complainants, Robert Fore, a holder of one of the bonds issued on January 1, 1936, and I. C. Wheelis, a citizen and taxpayer of the city of Phenix City, commenced this proceeding under and by virtue of the provisions of the General Acts of 1935, pages 777 et seq., Code 1940, Tit. 7, §§ 156–168, commonly known as the Declaratory Judgment Act, asking a declaration of rights relative to the city's authority to call, pay and cancel the bonds issued on January 1, 1936, now unpaid and outstanding, and seeking an injunction restraining the city from issuing and selling the bonds authorized by the ordinance of February 25, 1941.

The lower court entered a decree to the effect that the city had the right to redeem the bonds now outstanding, issued January 1, 1936, and denied the injunction. Hence complainants appeal.

■■■ The city's rights in this regard is determinable by the contract between the city and the bondholders, which is embodied in the bonds themselves and the ordinance providing for their issuance and sale. . On the issues here involved, the pertinent provisions of the bonds are as follows:

"Know all Men by these Presents: That the city of Phenix City, a municipal corporation of the State of Alabama, hereby acknowledges itself indebted and for value received promises to pay to the bearer hereof the sum of One Thousand Dollars ($1,000) on the first day of January, 1956, :t the Central Hanover Bank and Trust Company in the city of New York, State of New York, upon surrender hereof with interest at the rate of five per cent (5%) per annum, payable semi-annually on the first days of July and January of each year at said bank, upon surrender of the coupons attached as they severally become due. * * *

"The bonds of this issue are callable by lot at any interest payment date after January, 1937, at the price of one hundred two and one-half (102½) and accrued interest in the manner as prescribed in said ordinance, upon giving notice by publication once a week for three successive weeks in a newspaper published in said city [New York], or of general circulation therein."

An examination of the ordinance adopted on December 3, 1935, and under which the bonds were issued, discloses that they are general obligation bonds, secured by the full faith and credit of the city, and further specially secured by a pledge of the net revenue of three special separate funds, namely, the net revenue of the water works plant and system, the net revenue of the special five mill tax fund, a fund into which ad valorem taxes of the city are paid annually, and the net revenue derived from special assessments against property improved with the proceeds of the bonds.

Insofar as we are here concerned, the net revenue of the water works fund, the five mills fund, and the public improvement assessments fund, contemplate the moneys remaining in those funds after the payment of certain operating expenses and other expenditures, specifically set out in the ordinance.

Section 3 of the ordinance authorizing the issuance of the bonds provides that "said bonds shall be callable at any interest payment date in the manner and upon the terms hereinafter provided."

Section 17 of the ordinance is illustrative of the "manner" in which the bonds are callable, but deals with the surplus of the five mill fund only. Similar provisions are made in the ordinance with reference to the surplus of the water works fund and the public improvement assessment funds. Section 17 is as follows:

"As long as any of said Refunding Public Improvement Bonds and as any of said Phenix City-Girard Refunding Bonds are outstanding any surplus in said "Five Mill Fund" existing after making all of the payments hereinabove required to be made out of said fund, shall be used in calling for tenders of said Refunding Public Improvement Bonds and of said Phenix City-Girard Refunding Bonds, or in the redemption of said bonds as follows:

"Between the date of January 15th and the first day of February of each such year, said city shall advertise in a financial journal published in said city of New York a call for tenders of said outstanding Public Improvement Refunding Bonds and of said Phenix City-Girard Refunding Bonds, requesting the holders of any of said bonds to offer in writing to sell the same to said city within thirty (30) days after publication of said notice, said notice of said call to state the amount of funds on hand in said "Five Mill Fund" for said purpose. Said tenders shall remain unopened until said time for tenders has expired, and thereupon shall be immediately opened and the city shall purchase a sufficient number of such bonds offered, at the lowest price (which must be less than the call price) to exhaust the balance of said "Five Mill Fund" then on hand. In determining the lowest tender or tenders, no account shall be taken of the rates of interest payable upon the said two issues of bonds, but such determination of the lowest tender or tenders shall be based solely upon the price at which said bonds or bond are tendered.

"In the event that tenders of bonds in an amount sufficient to exhaust said fund are not received within the period of time described in said advertisement, said city shall immediately call, by lot, for retirement at the next interest payment date a sufficient number of bonds to exhaust the money then on hand in said fund, after giving public notice of its intention to redeem said bond or bonds so drawn by lot, describing same by number and series, by the publication once a week for three con-secutive weeks, in a newspaper published in said city, or of general circulation therein; the bonds authorized to be issued by this ordinance being callable at 102½ and accrued interest, and the said Phenix City-Girard Refunding Bonds being callable at par and accrued interest; provided however, that none of said bonds may be called for redemption until after January 1, 1937. In accepting tenders, and in drawing bonds by lot for redemption, no preference or favors shall be shown as to any bonds of either of said two issues over bonds of the other of said issues, or any bond or bonds over any other bonds of the same issue, all bonds of said two issues being subject to purchase or call in the above mentioned manner, without preference or priority of one bond, or one issue of bonds over another. All bonds so purchased and/or redeemed shall be immediately cancelled, and destroyed. The city shall keep a permanent record describing all such bonds so cancelled, together with the serial numbers thereof, and the date of cancellation."

By the express terms of the bond, it is callable at any interest payment date after January 1, 1937. But appellants contend in effect that the *"manner and upon the terms"* provided for in the ordinance is a limitation upon the right to redeem. In other words, that the "manner" and "terms" provided for, is an undertaking on the part of the city that the bond shall not be paid before January 1, 1956, except out of the surplus of the three special funds especially pledged to the payment of the bond.

The provision in the ordinance that the bonds are redeemable in the manner and upon the terms set forth in such ordinance has reference to the advertisement of redemption, the calling for tenders, the place of payment, and the value at which the bonds may be called. It is not a restriction upon the city as to the fund from which redemptions may be made.

It is to be noted that the provisions calling for tenders, and calling by lot for retirement of the bonds when a surplus exists in either of the three funds named, are mandatory upon the city. These mandatory provisions are for the benefit and protection of the bondholders. They are for the purpose of insuring that the surplus in these funds will not be directed to other uses, and they cannot be construed as a limitation upon the right of the city to redeem. The fact that the city is com-

pelled to use the surplus in these enumerated funds for the redemption of bonds cannot be construed as an inhibition against the redemption, after January 1, 1937, from other funds. The bonds are redeemable after January 1, 1937, from any fund which the city may properly allocate to the purpose, subject only to the restriction that redemption be made in the manner and upon the terms set forth in the ordinance.

The decree of the lower court is in accordance with the views here expressed, and is therefore affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.